**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>S. LOZANO, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-0131 - LJO - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED AS DUPLICATIVE |

On January 28, 2016, Plaintiff Gregory McClellan filed a complaint against Parole Agent S. Lozano and Bakersfield Police Officers L. Wood and K. Perkins, with a motion to proceed *in forma pauperis*. (Docs. 1, 2) Plaintiff contends the defendants are liable for a violation of his civil rights for using excessive force in the course of an arrest that occurred in November 2009.

Significantly, Plaintiff previously initiated an action that included claims against these defendants by filing a complaint on March 4, 2010, in Case No. 1:10-cv-00386-LJO-MJS.[1] Although many of the claims have been dismissed by the Court, the excessive force claims against Lozano, Wood, and Perkins remain pending in that action, and a motion for summary judgment was filed by

---

[1] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  r, the Court may take judicial notice of its records, because its accuracy cannot reasonably be questioned. *See Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981). Accordingly, judicial notice is taken of the Court's docket in Case No. 1:10-cv-00386-LJO-MJS.

1

the defendants on December 4, 2015. However, Plaintiff's *in forma pauperis* status was revoked, and he was ordered to pay the filing fee on January 15, 2016. To date, he has not done so. Instead, it appears that Plaintiff elected to initiate a new lawsuit.

Significantly, a plaintiff generally has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted). To determine whether a suit is duplicative, the Court must examine "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citing *The Haytian Republic*, 154 U.S. 118, 124 (1894)); *see also Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993) (explaining a suit is duplicative when "the claims, parties, and available relief do not significantly differ between the two actions"). Here, the parties in the two actions are the same, and the only claim is for excessive force in the course of the arrest by Lazano, Wood, and Perkins. In addition, the available relief to Plaintiff is the same in both actions. Thus, the Court finds the matter is duplicative of the claims remaining in Case No. 1:10-cv-00386-LJO-MJS.

Accordingly, **within fourteen days**, Plaintiff **SHALL** show cause in writing why this action should not be dismissed as duplicative of the remaining cause of action in Case No. 1:10-cv-00386-LJO-MJS.

**Plaintiff is forewarned that his failure to comply with this order may result in the dismissal of this action without further notice.**

IT IS SO ORDERED.

Dated:   **February 1, 2016**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

2