UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. LOZANO, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-0131 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION AS DUPLICATIVE |

　　　　Plaintiff Gregory McClellan contends the defendants are liable for a violation of his civil rights for using excessive force in the course of an arrest that occurred in November 2009. Because this action presents claims now pending in Case No. 1:10-cv-00386-LJO-MJS, the Court recommends the matter be **DISMISSED** as duplicative.

**I.　　Background**

　　　　Plaintiff previously initiated an action that included claims against Parole Agent S. Lozano and Bakersfield Police Officers L. Wood and K. Perkins by filing a complaint on March 4, 2010, in Case No. 1:10-cv-00386-LJO-MJS.[1] Although many of the claims have been dismissed by the Court, the

---

[1] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  r, the Court may take judicial notice of its records, because its accuracy cannot reasonably be questioned. *See Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981). Accordingly, judicial notice is taken of the Court's docket in Case No. 1:10-cv-00386-LJO-MJS.

1

excessive force claims against Lozano, Wood, and Perkins remain pending in that action, and a motion for summary judgment was filed by the defendants on December 4, 2015.  However, Plaintiff's *in forma pauperis* status was revoked, and he was ordered to pay the filing fee on January 15, 2016.  To date, he has not done so.  Instead, Plaintiff filed this new lawsuit, raising the same issue, now before the Court on January 28, 2016.

On February 1, 2016, the Court ordered Plaintiff to show cause why the matter should not be dismissed as duplicative.  (Doc. 3)  Plaintiff filed his response on February 19, 2016.  (Doc. 4)

## II.   Legal Standards

A plaintiff generally has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted).  To determine whether a suit is duplicative, the Court must examine "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citing *The Haytian Republic*, 154 U.S. 118, 124 (1894)); *see also Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993) (explaining a suit is duplicative when "the claims, parties, and available relief do not significantly differ between the two actions").

## III.   Discussion and Analysis

Here, the parties in the two actions are the same, and the only claim is for excessive force in the course of the arrest by Lazano, Wood, and Perkins.  In addition, the available relief to Plaintiff is the same in both actions.  Indeed, after the Court issued the order to show cause, Plaintiff acknowledged the cases presented the same claims, against the same defendants as his prior action. (*See* Doc. 4)  However, Plaintiff erroneously asserted that the action "has been dismissed and No. 1:10-cv-00386-LJO-MJS (PC) is not pending anymore."  (*Id.* at 1)  In fact, that action has not been dismissed, although Plaintiff was ordered to pay the filing fee.[2]

---

[2] Clearly, Plaintiff's motivation in filing this new action is to attempt to avoid the Court's order requiring him to pay the filing fee in the other matter.  He was ordered to do so because that matter is governed by the Prison Litigation Reform Act and he had suffered at least "three strikes," meaning he filed at least three prior matters that were frivolous.  The Court will not permit him to thwart the order of the Court or the will of Congress when it enacted the Prison Litigation Reform Act, by pursuing this new action.

Given the identical claims and defendants, the Court finds the matter is duplicative of the claims remaining in Case No. 1:10-cv-00386-LJO-MJS.

### IV.     Findings and Recommendations

Based upon the duplicative nature of the claims presented in this matter, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's Complaint be **DISMISSED** without prejudice;
2. Plaintiff's motion to proceed in forma pauperis be denied as **MOOT**; and
3. The Clerk of Court be **DIRECTED** to close this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 22, 2016**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE